16CA0348 Peo v Strepka 01-06-2022 COLORADO COURT OF APPEALS Court of Appeals No. 16CA0348 City and County of Denver District Court No. 15CR328 Honorable Ann B. Frick, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Mark Strepka, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division IV Opinion by JUDGE HARRIS Fox and Tow, JJ., concur Prior Opinion Announced April 2, 2020, Reversed in 20SC401 NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 6, 2022 Philip J. Weiser, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Mark D. Evans, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 This case returns to us on remand after reversal by the supreme court. In People v. Strepka, (Colo. App. No. 16CA0348, Apr. 2, 2020) (not published pursuant to C.A.R. 35(e)) (Strepka I), a division of this court vacated the trial court’s order denying the motion of defendant, Mark Strepka, for return of his property, reasoning that the trial court had lost jurisdiction to rule on the motion after the felony charges against Strepka were dismissed. The supreme court granted Strepka’s petition for certiorari review and reversed. See Strepka v. People, 2021 CO 58 (Strepka II). The court held that a trial court retains jurisdiction to resolve a motion for return of unlawfully obtained property after it dismisses a case as long as the motion is filed before the appeal period expires. Id. at ¶ 26. Under that standard, Strepka’s motion was timely. See id. at ¶¶ 5, 28. We therefore proceed with the appeal on the merits. ¶ 2 The facts of the case are detailed in Strepka I and Strepka II so we provide only a brief summary. During a traffic stop, police officers searched Strepka’s car and seized methamphetamine and two firearms. At the time of the stop, Strepka had at least four prior felony convictions. The People charged him with possession of 
2 a controlled substance and possession of a weapon by a previous offender. ¶ 3 The trial court granted Strepka’s motion to suppress the drugs and firearms and then granted the prosecution’s motion to dismiss the charges. Strepka later filed a motion for the return of certain property seized during the traffic stop, including the firearms. He argued that the guns should be returned to him or a suitable third party. The trial court granted the motion in part but denied it with respect to the firearms based on Strepka’s status as a convicted felon. ¶ 4 Though the prosecution objected to Strepka’s motion in the trial court, on appeal, the People stipulate that Strepka is entitled to have the firearms sold (with the proceeds paid to him) or transferred to a suitable third party. In changing course, the People rely on Henderson v. United States, 575 U.S. 622 (2015). In Henderson, the defendant lawfully possessed firearms but was required to surrender them after he was charged with a felony to which he ultimately pleaded guilty. Id. at 624. After serving his sentence, the defendant sought an order from the federal district court directing law enforcement to transfer the guns to a third party who 
3 had agreed to buy them. The district court denied the request. Id. at 624-25. On appeal, the Supreme Court held that because federal law prohibits possession, but not ownership, of a firearm by a convicted felon, the defendant had a right to sell or transfer his firearms as long as the district court was persuaded that the defendant would not retain control over the firearms. Id. at 630-31. ¶ 5 While we are not bound by the parties’ stipulations on questions of law or mixed questions of law and fact, see Bar 70 Enters., Inc. v. Tosco Corp., 703 P.2d 1297, 1306 (Colo. 1985), we are mindful of the party presentation principle. That principle generally requires courts to rely on the parties to frame the issues to be decided, on the theory that “the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.” Greenlaw v. United States, 554 U.S. 237, 244 (2008) (quoting Castro v. United States, 540 U.S. 375, 386 (2003)). ¶ 6 Accordingly, we need not decide here whether Henderson compels the result to which the People have stipulated on appeal.1 1 In their answer brief, the People describe Henderson v. United States, 575 U.S. 622 (2015), as a case addressing “the appropriate 
4 The People have not offered any argument in opposition to Strepka’s position, and we will not develop one on their behalf. ¶ 7 The trial court’s order denying Strepka’s motion for return of the firearms is reversed. The case is remanded for further proceedings to allow the trial court to transfer the firearms in a manner that precludes Strepka from retaining control over them. JUDGE FOX and JUDGE TOW concur. disposition of firearms that were unlawfully seized.” The firearms in that case were not seized unlawfully, however. The case involved a defendant who lawfully possessed firearms but was required to “surrender all his firearms as a condition of his release on bail” after he was charged with the felony offense of distributing marijuana. Id. at 624.